Good morning. May it please the court, I'm Mark Silversmith for Mr. Arreola, appellant in this matter. The main question that the court has to answer is whether 924 C1A defines two separate offenses. I think it's clear from the decision of the Eastern District Court and Pleasant and the Sixth Circuit and Combs in their analysis in both those cases that it does and I don't think that the case cited by the United States is to the contrary. In Harris, the court was addressing a completely different question whether the different factors were sentencing elements and I don't think that this court can glean from that dictum that the court was intending to make any statement about whether the carry prong and the possession prong are indeed two separate offenses. If you look at the statute that was captured and specifically the legislative history in which the possession prong was added after the court's decision in Bailey and was added specifically with a higher standard of participation, it's quite clear that two separate offenses are thus charged in that statute. And what you have here is one count charging two separate offenses and only a general unanimity instruction at the end, both the prosecutor's closing argument and the court's instruction permit the jury to convict on either of those two offenses that are charged in the statute. I – could I ask you a question? I – this is a complicated area for me. Yes, Your Honor. And so you're hitting on some areas that concern me. But I'm having trouble at the beginning to understand in the statute what's the difference between carries and possesses. Now, uses I understand. That's easy. There's a gun in your hand. You're using it. But what is the difference in the statute's use of the word carry and the statute's use of the word possess? Well, a possession, as Your Honor knows, could be actual or constructive. And it's particularly apt in this case where the gun was in a glove compartment and my client was in the back seat. Yes. And that was my initial thought, too, that possess is a broader statement. But that's because of the law. That's the law that we have, the gloss we've put on possess. But the term itself, if you turn to a dictionary, you'd have a very difficult time defining if there's a possess and carry. Are the words themselves defined someplace? Well, look at the United States statute. Oh, in the statute itself? No. But if you look at the U.S. Supreme Court decision in Bailey, which is what led to the possession prong being added, I mean, that's the Supreme Court, which is, of course, binding on all of us, says that possession is much broader than use or carry, and that you cannot convict somebody under what was then the statute just penalizing use or carry when they have, in fact, merely possessed. So you're satisfied for the purpose of this case and interpretation of the statute that the difference between the two is possess is broader than under, we can define possess meaning something in their possession which extends beyond their person? Right. And that's, I think, what the U.S. Supreme Court's … Satisfied with that, I'm satisfied. Okay. Could the government have charged count one, use or carry, count two, possess? I think that's what they were required to do. And then we would know what it was that my client was convicted of and if the jury actually agreed on a particular offense. And could a jury lawfully convict on both? I think they could. I don't think you could multiply punish. But I think they could be lawfully convicted on both because they're two separate statutes or two separate offenses that are set forth in the one statute. Did the sentencing judge, did Judge Jensen sentence? Judge Jensen. Did he sentence? Yes, he did. Did he take into consideration any arguable overlap between the two things? It wasn't brought up, Your Honor. Do you really want us to adopt a rule that allows two strikes on essentially one criminal act? I think you have to. It's not what I want. I think it's what Congress wants. It's what the statute says. There's two offenses in that one statute. And you have a duplicity problem if it's charged and it's objected to in the trial court. And you have a unanimity problem when you go to a jury verdict. I understand your argument. I'm just asking some policy implications. That is the policy implication, though, is that you're going to have a whole bunch of people. Because we have 924C cases filed all the time. That's true. And if what you say and what the Sixth Circuit says is the correct interpretation, then we have two convictions, right? We have two convictions. For essentially one act. No. I think they're two separate acts. I think that's the point. And I think we would have a clarity with respect to jury verdicts that we don't have in this case. To save some time and rebuttal, I think the opposition is going to say, that's true also, they're talking about two separate acts, but three, carry, use, possess. And all they said is because possess is broader, as you say, there's going to be a higher standard to meet that. But it's just three separate acts that are contained in one statute, so there's one crime. What's your response to that argument that I think is going to be made? Well, the use or carry is in the same clause. And it has the same standard of participation during and in relationship to the drug offense or the crime of violence. So I think that if that argument were ever made, that this Court would probably say that it's the same clause, it's the same standard of participation. So those are alternative means of the same offense under Schad v. Arizona. But what he would say is they're all three part of it, it's just on one of them there's a higher burden that you have to show. But it's the same crime. That's their argument. I don't think that they made it particularly well because they relied on Harris, which I think is dicta. But if you look at the statute and you go through it the way that the Pleasant Court did and the Combs Court did, which I think is essentially unimpeachable, you have two separate relative pronouns. It repeats the word who, whoever in furtherance of or whoever during in relationship to. And then it has two standards of participation and two different types of conduct in those two different dependent clauses. So if you look at the statute, it's not like 18 U.S.C. 1001, where it lists all the different types of fraud upon the government in one clause. It has these two separate clauses. And you look at the legislative history and the way that this came about in response to the Bailey decision, and that the senators were apparently very interested in making sure that, you know, mere possession near a drug crime did not create an offense, that they wanted something more stringent in furtherance of. Well, Congress has never been accused of being good grammarians. So sometimes we have to look elsewhere. What's your best legislative history to back up the position you take? The legislative history that I cited, which is also cited by the Pleasant Court, in which Senator DeWine stated that this had to be a higher standard of proof. So if hypothetically you had a kidnapping statute that said, made it a crime to capture, abduct, or take away another person, you could charge in separate counts, capture, take away, and abduct? If, I want to leave some time to rebuttal, but I want to answer that question. If this Congress wanted to make those separate statutes and separate offenses, they could. If they said, whoever abducts. Captures or takes away. Well, that's one way. That's more the 18 U.S.C. 1001, where you list a separate. And that's kind of the classic alternative means. When they say, whoever abducts, you know, a person and then they say, or whoever takes away a person who is lying in a car or whoever, what was the third one that Your Honor said? Captures. Whoever captures a person who is upon the street. You know, if you made it a three separate offenses, and one of those particular things was specifically added because the Supreme Court stated it was not covered with the statute, and then they specifically added a specific intent element that was not applied to the other two, I think that they very well might be different. In the way that Your Honor first phrased it, I think it probably would be an alternative means statute. But Congress, I think, could, if they did it more like they did 924C1A, make it into separate offenses. Do you want to save some time for rebuttal? Yes, please. Okay. The government at this time. Good morning. May it please the Court. My name is Rob Reese. I'm representing the government in this appeal, which is governed by the highly deferential plain error standard of review. As set forth by the appellant here, his main contention is that 18 U.S.C. section 924C is one or rather two separate statutes or two separate crimes within the same statute. And as such, because there was no specific issue unanimity instruction, his Sixth Amendment rights to a jury, a unanimous jury verdict were violated. If you'll stay right by that mic. Am I talking a little too softly? You're doing fine. But when you canter back and forth. Okay. Thank you. This Court can affirm the jury's verdict on any one of three or any of the four separate grounds of plain error. First, the error here, there was none. Section 924C is a single statute that lists separate means. Second, the error was not plain, and that's where Harris comes in. How do we tell what the jury found? How do we tell whether they concluded that this individual used, carried, or possessed? Well, Your Honor, I think that that actually may go to the third prong, which is, does this affect the defendant's substantial rights? I would submit that even if it were this Court to accept the Combs rationale that this were two separate statutes, we can know in this case that all 12 members of the jury found that he carried during and in relation. Possessed, or rather used, was not instructed to the jury. That was charged in the indictment, but that was a theory that the evidence really didn't support. But here, the two theories that, the two means of the statute that were instructed and were argued, and I would add properly, which is separate from the Combs case, where it was kind of a bully abase of possessing during and in relation. Here, the Court and the prosecutor kept it very straight. Possessed, in furtherance, carried during and in relation. Here, because Muscarello says, as a matter of law, that a gun in a glove box, which is exactly the same thing here, is a carry, and as we've already established through Judge Wallace with the appellant, that possess is broader. Any juror who found that the defendant possessed the gun would also find that they carried the gun as a matter of law, since it was in the glove compartment of the car. And since the Combs case points out, and I think we would also all agree, that the in furtherance of is a higher burden of connection between the gun and the predicate offense, any juror who found possessed in furtherance of must inherently have found that the defendant here carried during and in relation. Therefore, there's really not a unanimity problem, even if there were a 6-6 split, because those who found the possessed in furtherance found the higher burden. But I still think that this statute really does, indeed, separate two separate means to commit the offense, and I think this Court's case, United States v. UCO Oil, and its four factors to determine whether it's separate means or separate crimes, pretty much all of them are very strongly in favor of this being one statute. I think the Sixth Circuit may have made a little bit of a hasty conclusion that just because Congress was making what's called a, what we can agree is maybe a Bailey fix here, that that means it must have been a new statute. But there's no precedent that suggests that Congress can't amend a statute to add a separate means if the Supreme Court has determined that that means is not yet, is not within the statute. And what's remarkable about this statute is the way that Congress made sure that there's a similar connection under these statutes between the firearm, the defendant, and the predicate offense. The single evil, which is the first, goes to the first prong under UCO Oil, is Congress is very concerned about the heightened danger and serious injury and even death that can occur when there's an involvement of guns with violent crimes and narcotics crimes. Here, the possessed prong is broader and sets a lower threshold of connection between the firearm and the defendant, while the carry, in this case, or use in generally, would be a higher connection between the defendant and the firearm, whereas on the connection between the firearm and the predicate offense, it seesaws and flips. The possessed requires a higher connection between the firearm and the predicate offense, whereas the use and carry requires a lower connection. In some, it ends up being the same connection. Congress has drawn very precisely a similar connection between this conduct with I think the Sixth Circuit, by focusing so much on the fact that the in furtherance of prong is a higher burden, lost sight of the fact that the possessed is lower and that it is intended to reach the same heartland, the same evil of conduct. I think the legislative history also would support that. The fact that this was a Bailey fix doesn't suggest any more that this was a fix to add a completely new crime than it was to just add a separate means, as I've mentioned before. And as Judge Thomas, you were saying before, the fourth prong of the UCO test, while it would not be, would not solve the issue all by itself, the fourth prong is, would Congress have ever intended there to be double punishment for conduct that was so related? And I would submit to you that it doesn't make any sense that in a, if the predicate offense were a drug crime with a sufficient amount of quantity and the gun were a drug offense, would be a 10-year mandatory minimum for the predicate offense, 10 years for the discharge of the firearm, and another 25 years for the subsequent conviction. It just doesn't make any sense under the statute itself. And again, it's possible there are certain statutes that may be separate crimes, but it would be multiplicitous to punish for the same crime. Nevertheless, that is one of the UCO factors as to why this should be considered one whole crime. The third one, again, is the nature of the prescribed conduct, which I think I've gone over a little bit, in that it's really about connecting a defendant, a gun, and a predicate offense. And as the UCO court mentioned with respect to the third factor, this third factor about the nature of the offense says that it's another reason why you should find this to be one particular crime if, in many cases, the means to commit the crime merge. I think that this is one of those examples where they do come in and out of each other. They do merge in the sense, as I've said before, that any juror who found possess and furtherance in this case must have found carry during and in relation to. I do think that they're distinct and that Congress had a reason to add these separate means because, as Judge Wallace was saying before, there is a distinction between possess and carry. For example, a firearm in a house that's not on somebody's person, a jury may not include that that's a carry because it isn't on anybody's person, isn't mobile in any way. Nevertheless, it may be possessed by the defendant. And the connection, though, because it's not being used or carried, would be higher. So there are distinctions between the two means to commit the crime, just as in 1001, which the UCO court dealt with, which showed different means that are reasonably distinct in terms of proof. In 1001, there can be omission that can be a fraud against the government or a scheme or trick that's an actual false statement against the government. So the fact that there are different forms of proof with respect to these two means doesn't answer the question. So I would submit that with respect to the very first prong under the plain error statute, whether or not there's error, I just don't think there is any. I think it is one statute. It's all one paragraph. That's something the Harris case really relied on. Now, whether or not this is plain error, I don't think Harris entirely answers the question. I would agree that Harris did not answer this exact precise question. Nevertheless, the Harris court did repeatedly refer to the fact that this was a single paragraph, a single crime, and that what the appellant would ask is that Judge Jensen in this case would have sua sponte, asked for a specific unanimity instruction. Just that kind of error would not be plain given the Harris language before him or before this Court. And if I may, I see I'm running a little bit out of time. I could address the constructive amendment unless the Court has any further questions. I'd like to ask you a question about the verdict form. Yes, Your Honor. There was no objection to the jury form as I understand it. Did defendant have the opportunity to object? It's a little unclear. It looked like the district judge was going to form his own instruction because counsel couldn't decide. The next day, did counsel have a copy of the jury form that was going to be given? Your Honor, I'm not sure if I can speak directly to whether he had actual notice of the jury form in advance, but I would say that it's certainly the practice that somebody could object to a jury verdict form, submit their own jury verdict form. I think in this case, the jury verdict form is a little bit less clean than the jury instructions in the case and then the prosecutor's argument. My question really is, assuming that YETI is applicable to criminal cases, and YETI, it was pointed out by Judge Fletcher writing for our Court, that there was an opportunity to object. And I wondered at some point, was there an opportunity to object in this case, assuming we apply YETI? Well, again, Your Honor, I'm not sure if I'm sufficiently familiar with the exact facts of this case, whether there was an actual notice of, here's the verdict form I'm going to submit. But certainly, I think there can be a constructive notice and every opportunity. I don't think that this was a verdict form that was changed on the fly or anything else like that. And again, I think the verdict form, counsel, for the appellant, places so much reliance on a verdict form, which is really just a summary of the offense so that the jurors can identify what offense they're finding guilty. And your argument on the merits, I'm just on the waiver issues. I do. Yes, Your Honor. I do think it's at least plain error. But I guess your question is it may not even be plain error if he had no opportunity to object. It may be more than plain error. It may be waiver if YETI is applicable to criminal cases. Okay. Thank you for your argument. Do you have a few seconds for rebuttal? Yes. I would like to address the constructive amendment in the verdict form. I think the verdict form cannot just be considered a verdict form in this case because the judge read it to the jurors as part of his instructions in the case. So it also became part of the instructions in the case. And what the verdict form, even more than the duplicity in the statute, actually creates four separate types of offenses, quote, unquote, that might have been found by the jury, two of which are not charged in the statute whatsoever. So the defense attorney did hear what was given to the jury and could have objected, had the opportunity to object. That's true. That's true. And that's why it's reviewed under the plain error standard as in Combs. It was found plain error in Combs in a very similar situation. But what do you think? I'm really thinking more in terms of waiver than I am plain error. Does YETI apply? I don't think so. Why? Because under what is 51 that I've cited in my briefs regarding plain error, when a counsel fails to object, you review it under plain error. It isn't waived. I think that's the federal rule, is this Court reviews it under plain error.  Thank you, Your Honor. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Wallace, Hawkins, Thomas